UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM JOSEPH GIAMBRA,<br><br>    Plaintiff<br><br>v.<br><br>C.R. BARD INCORPORATED and BARD PERIPHERAL VASCULAR INCORPORATED,<br><br>    Defendants | Case No.: 2:19-cv-01580-APG-BNW<br><br>**Order Denying Motion to Dismiss and Substituting Plaintiffs**<br><br>[ECF No. 50] |

On February 18, 2020, defendants C.R. Bard Incorporated and Bard Peripheral Vascular Incorporated filed a suggestion of death as to plaintiff William Joseph Giambra. ECF No. 36. Thereafter, the plaintiff's counsel moved to withdraw. ECF No. 38. On March 13, 2020, Magistrate Judge Weksler granted the motion to withdraw and gave the plaintiff's son, William Joseph Giambra, Jr., until May 12, 2020 to find counsel to substitute into the case. ECF No. 45. After no one entered an appearance or moved to substitute, the defendants moved to dismiss. ECF No. 50. In response, counsel for William Giambra's heirs, William Joseph Giambra, Jr. and Gina Giambra, entered an appearance. The heirs argue that they missed the deadline due to the global pandemic that began just as they were required to obtain counsel and substitute.

Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Although the rule states that an action "must" be dismissed, I have discretion to extend the deadline under Rule 6(b). *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th

Cir. 2017). Rule 25's "90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Id.* Under Rule 6(b)(1)(B), I may extend an expired deadline for good cause "if the party failed to act because of excusable neglect." Rule 6(b), "like all the Federal Rules of Civil Procedure, [is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quotation omitted). To determine whether a party's failure to meet a deadline constitutes excusable neglect, I apply "a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1261.

      The defendants do not identify any prejudice other than the passage of time and that they have to devote resources to a case where it is unclear if the heirs intend to pursue it. The heirs have now indicated that intent, so there is little to no prejudice to the defendants. The heirs' counsel made an appearance and responded to the motion to dismiss within two and a half months after the deadline expired in response to the defendants' motion to dismiss. Although that is a lengthy period given the additional 60 days Judge Weksler had already given William Joseph Giambra, Jr., that time period must be considered in context of the global pandemic that resulted in shutdowns and stay at home orders within days of the hearing before Judge Weksler. William Joseph Giambra, Jr. expressed his desire to pursue the case at the March 2020 hearing, and he and Gina Giambra have now appeared through counsel and express the intent to pursue this action. There is no evidence that the heirs have acted in anything other than good faith. Given the preference for deciding cases on their merits, the equities weigh in favor of allowing the heirs to substitute and proceed with this case.

I therefore extend the time for the heirs to substitute as plaintiffs and now substitute them as plaintiffs in this action. As a result, I deny the defendants' motion to dismiss. However, I caution the heirs that they must act diligently to follow court rules, orders, and deadlines in the future.

I THEREFORE ORDER that William Joseph Giambra, Jr. and Gina Giambra are substituted as plaintiffs for deceased plaintiff William Joseph Giambra. The clerk of court is instructed to amend the caption accordingly.

I FURTHER ORDER that the defendants' motion to dismiss **(ECF No. 50) is DENIED**.

DATED this 8th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE